```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARTIN J. WALSH, Secretary of
Labor, United States Department
of Labor,                                    MEMORANDUM & ORDER
                                             21-MC-3147 (JS) (ST)
                Petitioner,

     -against-

IL VIZIO RESTORANTE ITALIANO
CORP., dba IL VIZIO; and LOUIS
PRUDENTE, aka LUIGI PRUDENTE,
individually and as a custodian
of records,

                Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Jordan Laris Cohen, Esq.
                    Office of the Solicitor
                    U.S. Department of Labor
                    210 Varick Street
                    New York, New York  10014

For Respondent:     No appearance
```

SEYBERT, District Judge:

Presently before the Court is the unopposed Motion for Contempt (Mot., ECF No. 11) of Petitioner, Martin J. Walsh, Secretary of Labor, United States Department of Labor, seeking an order: (1) holding that Respondents, Il Vizio Restorante Italiano Corp and Louis Prudente (together "Respondents"), are in civil contempt; (2) ordering a daily fine until Respondents purge their contempt; and (3) imposing coercive incarceration of Respondent Louis Prudente if Respondents do not comply with the contempt order

within thirty days, such incarceration to stay in effect until Respondents' contempt is purged. (See id. at 1-2.) For the following reasons, the Motion is GRANTED to the extent articulated herein.

BACKGROUND

The Court presumes familiarity with the facts underlying this case but provides the following summary for the reader's convenience. The facts are primarily drawn from Trial Attorney Jordan Laris Cohen's Supporting Declaration (See Cohen Decl., ECF No. 11-1, attached to Mot.)

On January 10, 2022, this Court held a Motion Hearing during which Magistrate Judge Tiscione granted Petitioner's Motion to Compel compliance with a subpoena issued on July 23, 2021 (hereinafter the "July 2021 Subpoena"). (See Min. Order ("January 2022 Order"), ECF No. 9. See also July 2021 Subpoena, ECF No. 4-5 at 2-4.) In granting Petitioner's Motion to Compel, Judge Tiscione ordered "Respondents . . . to produce all documents requested in the subpoena served on July 28, 2021 within 30 days." (Id.) Respondents were represented at the Hearing by Joseph D'Agostino, Esq. (See January 2022 Order).

Afterwards, Petitioner's counsel emailed Respondents' counsel a copy of the January 2022 Order and Respondents' counsel accepted service on behalf of the Respondents. (Cohen Decl. ¶ 2.) In response, Respondents made "two limited productions," on February

2

9, and 10, 2022. (Id. ¶¶ 3, 4.) Petitioner's counsel subsequently detailed the deficiencies in Respondents' productions via letter dated March 10, 2022. (Id. ¶ 4; see also Deficiency Letter, Ex. A, ECF No. 11-2, attached to Mot.) The letter, "provided Respondents an opportunity to explain any contention that they had complied with any part of the subpoena." (Id.) Afterwards, Respondents made another, limited, production on March 28, 2022. (Id. ¶ 5.) However, like previous productions, the March 28 production contained "several remaining deficiencies," which were outlined to Respondents' counsel in an email sent April 26, 2022. (Id. ¶ 6.) The April email noted several categories of documents that remained to be produced. (Id., see also Email Correspondence, Ex. B, ECF No. 11-3, attached to Mot.) In response, Respondents' counsel informed Petitioner that Respondents would, "confirm the status of the outstanding documents by the May 2 deadline." (Id.)

On May 2, 2022, Petitioner's counsel called counsel for Respondents to "inquire about the status of the remaining documents," but Respondents' counsel "refused to commit to a position [as to] whether any of the documents exist[ed], and, if so, what steps Respondents would take to obtain . . . and produce them." (Id. ¶ 8.) Similarly, Respondents "refused to provide a date by which [they] would provide" the requisite information. (Id.) Despite several extensions, correspondences, and Petitioners threats of moving for contempt, Respondents continually failed to

3

comply with their document production obligations.  (See id. ¶¶ 9-10).

Respondents have not made any production of documents pursuant to the January Order since March 28, 2022.  (Id. ¶ 12.)  Moreover, since a May 20 telephone conversation, counsel for Petitioner has had no further communications with Respondents' counsel.  (Id.)  To date, Respondents have yet to produce:

> (1) Documents reflecting any telephone numbers and email addresses for current and former employees during the relevant period;
> (2) Time records including, but not limited to, any time cards and time sheets;
> (3) IRS Form 1120 for Year 2021;
> (4) New York State Forms LS-54 and LS-56 for Years 2018 to 2021;
> (5) Payroll for February 2020 through December 2020;
> (6) Payroll for Year 2020; and
> (7) All subpoenaed records for [the] Il Vizio Park restaurant location.

(Id. ¶ 11.)

While Respondents' counsel has insinuated that Respondents may not have these documents, Respondents have failed to dispute in writing either the existence of the outstanding records or the fact that the outstanding records "are in [their] custody, possession, and control."  (Id. ¶ 13.)

PROCEDURAL HISTORY

On September 8, 2022, Petitioner filed the instant motion for contempt.  The motion was served upon Respondents "via email to their counsel."  (Cert. of Serv., ECF No. 11-6, attached

to Mot.)  Which is the same manner of process used, and accepted by Respondents, when Petitioner served the January 2022 Order.  To date, Respondents have not replied to Petitioner's motion.

ANALYSIS

I.   Legal Standard

> A party or nonparty may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.

CF Fresh, LLC v. Carioto Produce, Inc., No. 20-CV-0884, 2022 WL 247743, at *4 (N.D.N.Y. Jan. 27, 2022) (quoting Fox v. Lee, No. 15-CV-0390, 2018 WL 1187404, at *3 (N.D.N.Y. Feb. 5, 2018); further citation omitted).

"A clear and unambiguous order is one that leaves 'no uncertainty in the minds of those to whom it is addressed.'" King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995) (quoting Hess v. N.J. Transit Rail Operations, Inc., 846 F.2d 114, 116 (2d Cir. 1988)).  Further, "the clear and convincing standard requires a quantum of proof adequate to demonstrate 'reasonable certainty' that a violation occurred.'" In re Chief Exec. Officers Club Inc., 359 B.R. 527, 535 (Bankr. S.D.N.Y. 2007) (quoting Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cr. 2002)).  To determine diligent compliance, courts "examine the defendant's actions and

consider whether they are based on a good faith and reasonable interpretation of the court order." Safeco Ins. Co. of Am. v. M.E.S., Inc., No. 09-CV-3312, 2014 WL 12834210, at *21 (E.D.N.Y. June 27, 2014) (quoting Schmitz v. St. Regis Paper Co., 758 F. Supp. 922, 927 (S.D.N.Y. 1991)).

"A party who violates an injunction entered by the district court faces the threat of both civil and criminal contempt." Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 657 (2d Cir. 2004); see also 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other as . . . [d]isobedience or resistance to its lawful writ, process, order, rule decree, or command."); Leser v. U.S. Bank Nat'l Ass'n, No. 09-CV-2362, 2011 WL 1004708, *6 (E.D.N.Y. Mar. 18, 2011) ("[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." (citations omitted)).

"The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." Paramedics Electromedicina, 369 F.3d at 657 (citation omitted). As such, "a district court has 'considerable discretion in determining whether a coercive sanction is necessary and, if so, the form it will take.'" Leser, 2011 WL 1004708, *14 (quoting Leadsinger v. Cole,

6

No. 05-CV-5606, 2006 WL 2266312, at *21 (S.D.N.Y. Aug. 4, 2006), and collecting cases). Factors a court should consider when determining whether civil contempt sanctions should be imposed are: "(1) the character and magnitude of the harm threatened by continued contempt, (2) the probable effectiveness of the proposed sanction, and (3) the financial consequences of that sanction upon the contemnor [(hereafter, the "Contempt Sanction Factors")]." In re Grand Jury Witness, 835 F.2d 437, 443 (2d Cir. 1987) (citing United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947); further citation omitted)). "Arrest is an appropriate sanction for civil contempt as long as the confinement is conditioned upon compliance." Leser, 2011 WL 1004708, at *14 (quoting Leadsinger, 2006 WL 2266312, at *21, and collecting cases). However, "in selecting contempt sanctions, a court is obliged to use the 'least possible power adequate to the end proposed.'" Id. at *11 (quoting Shillitani v. United States, 384 U.S. 364, 371 (1966); further citation omitted).

II. Discussion

Here, the record convincingly supports finding that: (1) Respondents had notice of the January 2022 Order (see e.g., Aff. Of Serv., ECF No. 10; see also Cohen Decl. ¶ 2); (2) the Order was clear and unambiguous, as to the Respondents' obligations to, inter alia, "produce all documents requested in the subpoena served on July 28, 2021 within 30 days;" (3) Respondents are clearly in

7

noncompliance with the Order having failed to deliver several categories of documents to Petitioner which were detailed in the subpoena and which were repeatedly relayed to Respondents' counsel (See Cohen Decl. ¶¶ 4, 6; see also Email Correspondence, Ex. B.); and (4) Respondents have not diligently attempted to comply in a reasonable manner with the January 2022 Order.

As to Respondents' efforts to comply with the January 2022 Order: Petitioner has repeatedly accommodated Respondents by affording them numerous extensions of time to make a complete production. Similarly, Respondents have been provided ample opportunity to confirm or deny the status of the outstanding documents but have repeatedly failed to verify their existence and/or location. Despite these accommodations, Respondents have consistently failed to comply with the January 2022 Order, making only limited and incomplete productions since it went into effect and providing no documents at all since March 28, 2022. (Cohen Decl. ¶ 12; see also Email Correspondence, Ex. B.) Now, more than nine months since the Order's issuance, Respondents not only remain in noncompliance but have ceased communicating with Petitioner. (See Id.)

Despite the overwhelming evidence that: (1) Respondents know of the January 10, 2022 Order and are not in compliance with it and, (2) that Respondents are on notice of this Motion, including the relief sought by the Petitioner, (see Cert. of

8

Serv.), in its discretion, see, e.g., EEOC v. Local 28 of the Sheet Metal Workers Int'l Ass'n, 247 F.3d 333, 336 (2d Cir. 2001); N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1353 (2d Cir. 1989), the Court will afford Respondents one final, short opportunity to come into compliance with the January 2022 Order and, thus, voluntarily purge their contempt.  Respondents' deadline to do so is five (5) business days from the date of service of this Memorandum & Order (hereinafter the "Five-Day Deadline).

Consequently, **RESPONDENTS ARE ON NOTICE:  If they do not purge their contempt by the expiration of the Five-Day Deadline, a daily fine will be imposed:  For each of the first ten days after the Five-Day Deadline that Respondents remain in contempt, a $250.00 fine will be imposed; and, if Respondents remain in contempt thereafter, the fine will be increased to $500.00 per day.  Further, if Respondents remain in contempt thirty (30) days after the Five-Day Deadline, in addition to the continued imposition of a daily $500.00 fine, upon Petitioner's filing of an affidavit that Respondents' contempt has not been purged, the Court will issue an order directing the U.S. Marshals Service to hold Respondent Louis Prudente in custody pending the purging of Respondents' contempt**.

This interim approach strikes a balance between the Court's consideration of the Contempt Sanction Factors and the

9

relief requested by Petitioner, by providing Respondents with a final, short time within which to comply with the January 2022 Order before issuing an order for coercive sanctions. This Order is intended to impact Respondents using the "least possible power adequate to the end proposed."

CONCLUSION

    Accordingly, **IT IS HEREBY ORDERED** that:

A. Petitioner's Motion (ECF No. 11) is **GRANTED,** with the Court finding that Respondents are in contempt of the January 2022 Order;

B. Respondents shall have five (5) business days from the date of service of this Memorandum & Order to turn over to Petitioner's counsel all the documents and records covered by the July 2021 Subpoena (i.e., the Five-Day Deadline);

C. **If Respondents fail to purge their contempt by the expiration of the Five-Day Deadline:**

    1. **For each of the first ten days after the Five-Day Deadline that Respondents remain in contempt, a $250.00 fine will be imposed;**

    2. **For the eleventh day and each day thereafter past the Five-Day Deadline that Respondents remain in contempt, the fine will be increased to $500.00 per day; and**

    3. **If Respondents remain in contempt thirty (30) days after the Five-Day Deadline, in addition to the continued imposition of a daily $500.00 fine, upon Petitioner's filing of an affidavit that Respondents' contempt has not been purged, the Court WILL issue an order directing the U.S. Marshals Service to hold Respondent Louis Prudente in custody pending the purging of Respondents' contempt**;

D. Petitioner is directed to serve Respondents with a copy of this Order: (1) via email to Respondents' counsel, as has been done with previous filings and orders; and (2) either personally or by an express, overnight delivery service (e.g., Federal Express) to Respondents' registered address **by no later than 6:00 PM (E.S.T.) on Monday, October 31, 2022,** and file proof of said service forthwith.

                                      SO ORDERED.

                                      /s/ JOANNA SEYBERT
                                      Joanna Seybert, U.S.D.J.

Dated: October 27, 2022
      Central Islip, New York