```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
MARTIN J. WALSH, Secretary of
Labor, United States Department
of Labor,                                    ORDER OF CONTINUED CONTEMPT and
                                             DIRECTING ISSUANCE OF WARRANT
                Petitioner,                  21-MC-3147 (JS) (ST)

     -against-

IL VIZIO RESTORANTE ITALIANO
CORP., dba IL VIZIO; and LOUIS
PRUDENTE, aka LUIGI PRUDENTE,
individually and as a custodian
of records,

                Respondents.
--------------------------------X
APPEARANCES
For Petitioner:      Jordan Laris Cohen, Esq.
                     Office of the Solicitor
                     U.S. Department of Labor
                     210 Varick Street
                     New York, New York  10014

For Respondents:     No appearance
```

SEYBERT, District Judge:

**WHEREAS**, this action was commenced on October 29, 2021, by Martin J. Walsh, Secretary of Labor, United States Department of Labor (hereafter the "Petitioner") seeking to compel Il Vizio Restorante Italiano Corp and Louis Prudente (together "Respondents"), to comply with an administrative subpoena <u>duces tecum</u> issued on July 23, 2021, by the Regional Administrator of

the U.S. Department of Labor, Wage and Hour Division.[1] (See Petition to Enforce Administrative Subpoena Duces Tecum, ECF No. 1);

**WHEREAS**, Magistrate Judge Steven Tiscione subsequently held a hearing on Petitioner's Motion to Compel on January 10, 2022, and granted the motion ordering Respondents to "produce all documents requested in the subpoena served on July 28, 2021 within 30 days" (hereafter the "January 2022 Order"). (See Jan. 13, 2022, Min. Order for Mot. Hr'g);

**WHEREAS**, the January 2022 Order was sufficiently served upon Respondents. (See Cert. of Serv., ECF No. 10);

**WHEREAS**, when Respondents failed to comply with the January 2022 Order, Petitioner filed a motion for contempt on September 8, 2022, seeking an order from this Court: (1) that Respondents were in civil contempt; (2) that a daily fine be imposed until Respondents purged their contempt; and (3) imposing coercive incarceration of Respondent Louis Prudente if Respondents failed to comply with the contempt order within thirty days. (See Contempt Mot., ECF No. 11, at 1-2);

**WHEREAS**, the Court subsequently found that Respondents were in civil contempt. (See M&O at 7-11);

---

[1] The Court presumes the parties' familiarity with the facts underlying this case and provides herein only a summary necessary to make its ruling. For a more detailed background, refer to the Court's October 27, 2022, Memorandum & Order (hereafter, the "M&O"). (See ECF No. 13.)

**WHEREAS**, despite finding Respondents in civil contempt, the Court afforded Respondents one, final, opportunity to purge their contempt by coming into compliance with the January 2022 Order within five (5) business days from the service of the M&O (the "Five-Day Deadline"). Specifically, the Court warned that if Respondents failed to voluntarily purge their contempt:

> **For each of the first ten days after the Five-Day Deadline that Respondents remain[ed] in contempt, a $250.00 fine w[ould] be imposed; and, if Respondents remain[ed] in contempt thereafter, the fine w[ould] be increased to $500.00 per day. Further, if Respondents remain[ed] in contempt thirty (30) days after the Five-Day Deadline, in addition to the continued imposition of a daily $500.00 fine, upon Petitioner's filing of an affidavit that Respondents' contempt ha[d] not been purged, the Court w[ould] issue an order directing the U.S. Marshals Service to hold Respondent Louis Prudente in custody pending the purging of Respondents' contempt.**

(M&O at 9);

**WHEARAS**, despite sufficient service of the M&O (see Cert. of Serv., ECF No. 14), which contained the Court's explicit warning (quoted above), Respondents have not purged their civil contempt (see Cohen Decl., ECF No. 15, attached to Letter Certifying Respondents' Continued Non-Compliance) (hereafter the "Cohen Decl."); moreover, Respondents have failed to comply with the Court's October 27, 2022 M&O;

3

**WHEREAS**, based upon Respondents' continued civil contempt of the January 2022 Order, and non-compliance with this Court's October 27, 2022 M&O, Petitioner requests that "the Court issue an order directing the U.S. Marshals Service to hold Respondent Louis Prudente aka Luigi Prudente in custody pending Respondents' purging of their contempt." (Id. at 4);

**NOW THEREFORE**, (1) having already found Respondents in civil contempt; (2) finding Respondents remain in contempt, having failed to purge said contempt notwithstanding the additional opportunity afforded them to do so; (3) having considered Respondents were explicitly warned of the consequences of their continued civil contempt; and (4) having considered the declaration of Jordan Laris Cohen, Esq., that details Respondents' continued non-compliance (see Cohen Decl. in toto);

**IT IS HEREBY ORDERED** that the Clerk of the Court issue a Warrant, contemporaneous with this Order, directing the U.S. Marshals Service to hold Louis Prudente, aka Luigi Prudente, in custody pending the purging of Respondents' civil contempt as directed in the Court's October 27, 2022 M&O;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service is authorized: (1) to use all reasonable force necessary to effect the arrest of Louis Prudente, aka Luigi Prudente; and (2) to make a forceable entry into Prudente's residence, if required; and

4

**IT IS FURTHER ORDERED** that Petitioner is to provide the U.S. Marshals Service with certified copies of: (1) this Order; (2) the January 2022 Order; (3) the October 27, 2022 M&O; and (4) the Warrant.  It is Petitioner's responsibility to pay the U.S. Marshals service any fee(s) charged for executing the Warrant.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January 23, 2023
       Central Islip, New York